# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **GENE HACKER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.  4:21-cv-668** |
| | § | |
| **HOME DEPOT U.S.A., INC.,** | § | |
| | § | |
| **Defendant.** | § | |

## INDEX OF DOCUMENTS FILED IN STATE COURT

| EXHIBIT | DOCUMENT | DATE OF DOCUMENT AND/OR FILING |
|---|---|---|
| 1. | Docket Sheet from the 235th Judicial District Court, Cooke County, Texas[1] | 08/26/2021 |
| 2. | Citation Issued to Home Depot | 07/27/2021 |
| 3. | Plaintiff's Original Petition | 07/27/2021 |
| 4. | Citation Served to Home Depot | 07/30/2021 |
| 5. | Defendant Home Depot USA, Inc.'s Original Answer to Plaintiff's Original Petition | 08/23/2021 |

---

[1] Note:  Defendant attempted in good faith to comply with the local rule's requirement to attach a certified copy of the docket sheet.  Defendant requested the certified copy on August 23, 2021 after filing their Answer.  Because of COVID-19, the state court is not allowing in-person pick up and would only mail documents requested.  We understand that the certified copy will be sent to us.  Having not received the certified copy by end of day on Friday, August 27, 2021, Defendant elected to attach a non-certified copy so as to ensure timely removal.  Defendant will supplement with the certified copy as soon as it is received.

**INDEX OF DOCUMENTS FILED IN STATE COURT – Page 1**

# EXHIBIT 1

```
CASE # CV21-00275                    COURT: 235TH JUDICIAL DISTRICT              08/25/2021
CAUSE: CONTR-OTHER CONTRACT
STYLE: GENE S. HACKER              VS HOME DEPOT U.S.A. INC.

                                        PLAINTIFF
```

| NAME | ATTORNEY |
|---|---|
| HACKER,GENE S.                    P | WALL,JOHN E. |
| 5728 PROSPECT AVE.  SUITE 2001 | 5728 PROSPECT AVE. SUITE 2001 |
| VALLEY VIEW, TX 75206 | DALLAS, TX 75206 |
| -    - | 214-887-0100 |

```
                                        DEFENDANT
```

| NAME | ATTORNEY |
|---|---|
| HOME DEPOT U.S.A. INC.            D | HIGGINS,KRISTIN SNYDER |
| 221 E. 7TH STREET, SUITE 620 | 8117 PRSTON ROAD, SUITE 500 |
| AUSTIN, TEXAS 78701-3218 | DALLAS, TEXAS 75225 |
| -    - | 214-987-3800 |

```
TRANSACTIONS FOR ALL PARTIES                         / /     THRU   / /
```

| Date | Party | Description | Amount | | |
|---|---|---|---|---|---|
| 07/27/2021 | HACKER,GENE S. | PLAINTIFF'S ORIGINAL PETITION | | I | 4 |
| 07/27/2021 | HACKER,GENE S. | CHARGES ASSESSED BY EFILE / EFILE ENVELOPE ID:55738238 | 315.00- | | |
| 07/27/2021 | HACKER,GENE S. | FILING FEE FOR CIVIL SUIT, 1 CITATION AND JURY FEE | 315.00 | I | 1 |
| 07/27/2021 | | CITATION ISSUED TO HOME DEPOT USA/EMAILED TO ATTORNEY FOR SERVICE/CS | | I | 2 |
| 07/30/2021 | HACKER,GENE S. | CITATION SERVED TO HOME DEPORT USA ON 7/29/2021 EMAILED TO ATTY/KJ | | I | 3 |
| 08/23/2021 | HOME DEPOT U.S.A. | DEFENDANT HOME DEPOT USA, INC.'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION | | I | 5 |

# EXHIBIT 2

THE STATE OF TEXAS
235th JUDICIAL DISTRICT
COUNTY OF COOKE

# CITATION FOR PERSONAL SERVICE
CV21-00275

To:    HOME DEPOT U.S.A. INC.
By Serving its registered agent to-wit:
CORPORATION SERVICE COMPANY dba CSC-LAWYERS INCORPORATING SERVICE
COMPANY
221 E. 7TH STREET, SUITE 620
AUSTIN, TEXAS 78701-3218

**NOTICE TO DEFENDANT: "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF 20 DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU. IN ADDITION TO FILING A WRITTEN ANSWER WITH THE CLERK, YOU MAY BE REQUIRED TO MAKE INITIAL DISCLOSURES TO THE OTHER PARTIES OF THIS SUIT. THESE DISCLOSURES GENERALLY MUST BE MADE NO LATER THAN 30 DAYS AFTER YOU FILE YOUR ANSWER WITH THE CLERK. FIND OUT MORE AT TEXASLAWHELP.ORG."**

You are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION of plaintiff at or before 10 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable 235TH JUDICIAL DISTRICT Cooke County, Texas at the Courthouse in the City of Gainesville, Texas.

Said PETITION was filed in said Court on the 27th day of July, 2021, in this cause, numbered CV21-00275 on the docket of said Court and styled:

GENE S. HACKER        VS        HOME DEPOT U.S.A. INC.

The nature of this demand is fully shown by a true and correct copy of the petition, accompanying this citation and made a part hereof. The Officer executing this citation shall promptly serve the same according to requirements of law, and mandates thereof, and make due return as the law directs.

ISSUED and GIVEN under my hand and seal of said Court at Gainesville, Cooke County, Texas, this the 27th day of July, 2021.

ATTORNEY FOR PLAINTIFF:          MARCI A. GILBERT, DISTRICT CLERK
JOHN E. WALL  JR.                 COOKE COUNTY COURTHOUSE
LAW OFFICES OF JOHN E. WALL, JR.    101 SOUTH DIXON, ROOM 207
5728 PROSPECT AVE. SUITE 2001      GAINESVILLE, TEXAS 76240
DALLAS, TX 75206

By:_____, Deputy

**RETURN OF SERVICE**

Cause Number CV21-00275                                   Court Number 235th Judicial District

GENE S. HACKER                    VS                    HOME DEPOT U.S.A. INC.


ADDRESS FOR SERVICE:

**HOME DEPOT U.S.A. INC.**
**By Serving its registered agent to-wit:**
**CORPORATION SERVICE COMPANY dba CSC-LAWYERS INCORPORATING SERVICE COMPANY**
**221 E. 7TH STREET, SUITE 620**
**AUSTIN, TEXAS 78701-3218**

**OFFICER'S RETURN**

Came to hand on the _____ day of _____, 20____, at _____ o'clock _____.m., and executed in

_____County, Texas by delivering to each of the within named defendant(s) in person, a true copy of this

Citation with the date of delivery endorsed thereon, together with the accompanying copy of the **PLAINTIFF'S ORIGINAL PETITION**, at the

following times and place, to-wit:

**Name**                                **Date/Time**          **Place, Course and Distance from Courthouse**

_____    _____    _____

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

**FEES:**

Serving Petition and Copy $_____            _____, Officer

Total                           $_____            _____, County, Texas


By: _____, Deputy            _____, Affiant


_____

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**

In accordance with Rule 107:  The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.  The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is _____, and my address is
                          (First, Middle, Last)

_____.
(Street, City, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the _____ day of _____.


_____            _____
        Declarant Authorized Process Server                                (ID # and Expiration of Certification)

**Please Return Affidavit of Service to:**            **COOKE COUNTY DISTRICT CLERK**
                                                      **COOKE COUNTY COURTHOUSE**
                                                      **101 SOUTH DIXON, ROOM 207**
                                                      **GAINESVILLE, TEXAS 76240**

# EXHIBIT 3

Filed: 7/27/2021 1:05 PM
Marci A. Gilbert
District Clerk
Cooke County, Texas
Cody Shires

CAUSE NO. CV21-00275

| | | |
|---|---|---|
| **GENE HACKER,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **COOKE COUNTY, TEXAS** |
| | § | |
| **HOME DEPOT U.S.A., INC.** | § | |
| | § | |
| *Defendant.* | § | |
| | § | 235th **JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Gene Hacker, Plaintiff, complaining of Defendant, Home Depot U.S.A., Inc. and for cause of action would respectfully show unto the Court as follows:

### I.

Pursuant to Rule 190.1 of the Texas Rules of Civil Procedure, discovery is intended to be conducted under Level 2.

### II.

Plaintiff is a resident of the city of Valley View, the county of Cooke, the state of Texas. Defendant, Home Depot U.S.A., Inc. is a corporation which conducts business in the State of Texas and may be served with process by serving its registered agent to-wit: Corporation Service Company dba CSC - Lawyers Incorporating Service Company 211 E. 7th Street, Suite 620 Austin, TX 78701-3218 USA

.

### III.

Texas Commission on Human Rights (TCHR) Act, and Tex. Lab. Code. Ann. § 21.00 et seq. (Vernon's 1996), which Act's purposes is to secure to those within the state freedom from discrimination in employment.  Pursuant to § 15.002 of the Texas Civil Practice and Remedies Code, venue is proper is this County because all or a substantial part of the events giving rise to the action occurred in Cooke County Texas.

### IV.

This lawsuit is proceeding for declaratory relief, injunctive relief and other relief to secure Plaintiff's rights under the Texas Commission on Human Rights (TCHR). Specifically, Defendant violated Texas Commission on Human Rights Act, as amended by discriminating against Plaintiff based on his age fifty-eight (58). The Plaintiff was employed by the defendant beginning on January 20, 2000.  Plaintiff was terminated on October 15, 2019.  Plaintiff always received praise for his work and efficiency until Maureen Waisman became his supervisor, then she made up allegations of non-performance and after Plaintiff complained to Human Resources, he was terminated for pre-textual reasons.

Further, Defendant violated the Texas Commission on Human Rights Act, as amended, by discriminating against Plaintiff based on his disability (knee replacement).

Further, Defendant violated § 21.055 of the Texas Labor Code by retaliating against Plaintiff because he reported discrimination offenses, made or filed a charge of discrimination, filed a complaint of discrimination, or in any manner participated in an investigation, proceeding or hearing in reference to discrimination.

**V.**

Plaintiff has no plain, adequate, or complete remedy at law to correct the practices described herein, and this suit for injunctive relief is his only means for securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's policies, practices, customs and usage set forth herein.

**VI.**

Plaintiff is entitled to recover the earnings and benefits lost in the past from the date of termination up until the present. Plaintiff was earning a base salary of $55,000.00 per year. Thus, Plaintiff is entitled to recover the earnings and benefits lost in the past from the date of termination up until the present.

Plaintiff was approximately fifty-eight (58) years of age when he was terminated, and had a work-life expectancy of approximately ten (10) years.  Thus, Plaintiff is entitled to recover the earnings and benefits that in reasonable probability will be lost in the future.

Defendant's conduct toward Plaintiff caused him emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and/or other nonpecuniary losses, for which Plaintiff seeks compensatory damages.

Plaintiff's harm was a result of the Defendant's actual malice or reckless indifference to Plaintiff's state-protected rights; thus, Plaintiff seeks exemplary damages.

The amount of damages which Plaintiff seeks herein exceeds the jurisdictional minimum of this Court.  Plaintiff pursuant to Tex. R. Civ. P. 47 (c) (4). Specifies his range of damages.

**VII.**

Pursuant to § 21.202 of the Texas Labor Code, Plaintiff filed a complaint of discrimination with the Texas Workforce Commission Civil Rights Division within one hundred

eighty (180) days after the occurrence of the unlawful employment practice.  Pursuant to §
21.254 of the Texas Labor Code, Plaintiff filed this lawsuit within sixty (60) days of the date on
which he received a notice of the right to file a civil action or within two years of the date the
charge was filed.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant
be cited to appear herein, and, on hearing hereof, the Court grant the following:

1.     An injunction pursuant to § 21.258(a)(1) of the Texas Labor Code;

2.     Reinstatement to Plaintiff's former position of employment;

3.     Lost earnings and employee benefits in the past;

4.     Compensatory damages (which may include future pecuniary loss, emotional
       pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and
       other nonpecuniary losses);

5.     Punitive damages;

6.     Costs and prejudgment interest, which may include a reasonable attorney's fee;

7.     Such other and further relief, both legal and equitable, to which Plaintiff may be
       justly entitled.

Respectfully submitted,

**LAW OFFICES OF JOHN E. WALL, JR.**
5728 Prospect Avenue, Suite 2001
Dallas, Texas 75206-7284
(214) 887-0100 (*telephone*)
(214) 887-0173 (*telecopier*)

*/s/ John E. Wall Jr.*
John E. Wall, Jr.
State Bar No. 20756750
*jwall@jwall-law.com*
***Attorney for Plaintiff***

# EXHIBIT 4

Filed: 7/30/2021 4:38 PM
Marci A. Gilbert
District Clerk
Cooke County, Texas
Cody Shires

## **AFFIDAVIT OF SERVICE**

**State of Texas**                    **County of Cooke**                    **235th Judicial District Court**

Case Number: CV21-00275

Plaintiff:
**GENE S. HACKER**

vs.

Defendant:
**HOME DEPOT U.S.A. INC.**

Received these papers on the 28th day of July, 2021 at 3:45 pm to be served on **HOME DEPOT U.S.A. INC. care of its Registered Agent, CORPORATION SERVICE COMPANY D/B/A CSC – LAWYERS INCORPORATING SERVICE COMPANY, 211 E. 7th Street, Suite 620, Austin, Travis County, TX 78701**.

I, Thomas Kroll, being duly sworn, depose and say that on the **29th day of July, 2021** at **9:25 am, I:**

hand-delivered a true copy of this **Citation together with Plaintiff's Original Petition,** to **HOME DEPOT U.S.A. INC. care of its Registered Agent, CORPORATION SERVICE COMPANY D/B/A CSC – LAWYERS INCORPORATING SERVICE COMPANY** by and through its designated agent, **SAMANTHA GUERRA,** at the address of: **211 E. 7th Street, Suite 620, Austin, Travis County, TX 78701,** having first endorsed upon such copy of such process the date of delivery.

I certify that I am approved by the Judicial Branch Certification Commission, Misc. Docket No. 05-9122 under rule 103, 501, and 501.2 of the TRCP to deliver citations and other notices from any District, County and Justice Courts in and for the State of Texas.  I am competent to make this oath; I am not less than 18 years of age, I am not a party to the above-referenced  cause, I have not been convicted of a felony or a crime of moral turpitude, and I am not interested in the outcome of the above-referenced cause.

Subscribed and Sworn to before me on the 29th
day of July, 2021 by the affiant who is personally
known to me.

**Thomas Kroll**
PSC - 3012, Exp. 8/31/2021

_____
NOTARY PUBLIC

Our Job Serial Number: THP-2021003716
Ref: 2080391

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2b



THE STATE OF TEXAS
235th JUDICIAL DISTRICT
COUNTY OF COOKE

# CITATION FOR PERSONAL SERVICE
CV21-00275

To:    HOME DEPOT U.S.A. INC.
By Serving its registered agent to-wit:
CORPORATION SERVICE COMPANY dba CSC-LAWYERS INCORPORATING SERVICE
COMPANY
221 E. 7TH STREET, SUITE 620
AUSTIN, TEXAS 78701-3218

**NOTICE TO DEFENDANT: "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF 20 DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU. IN ADDITION TO FILING A WRITTEN ANSWER WITH THE CLERK, YOU MAY BE REQUIRED TO MAKE INITIAL DISCLOSURES TO THE OTHER PARTIES OF THIS SUIT. THESE DISCLOSURES GENERALLY MUST BE MADE NO LATER THAN 30 DAYS AFTER YOU FILE YOUR ANSWER WITH THE CLERK. FIND OUT MORE AT TEXASLAWHELP.ORG."**

You are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION of plaintiff at or before 10 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable 235TH JUDICIAL DISTRICT Cooke County, Texas at the Courthouse in the City of Gainesville, Texas.

Said PETITION was filed in said Court on the 27th day of  July, 2021, in this cause, numbered CV21-00275 on the docket of said Court and styled:

GENE S. HACKER          VS       HOME DEPOT U.S.A. INC.

The nature of this demand is fully shown by a true and correct copy of the petition, accompanying this citation and made a part hereof. The Officer executing this citation shall promptly serve the same according to requirements of law, and mandates thereof, and make due return as the law directs.

ISSUED and GIVEN under my hand and seal of said Court at Gainesville, Cooke County, Texas, this the 27th day of July, 2021.

ATTORNEY FOR PLAINTIFF:
JOHN E. WALL  JR.
LAW OFFICES OF JOHN E. WALL, JR.
5728 PROSPECT AVE. SUITE 2001
DALLAS, TX 75206

MARCI A. GILBERT, DISTRICT CLERK
COOKE COUNTY COURTHOUSE
101 SOUTH DIXON, ROOM 207
GAINESVILLE, TEXAS 76240

By: _Cody Shines_, Deputy

## RETURN OF SERVICE

| Cause Number CV21-00275 | | Court Number 235th Judicial District |
|---|---|---|

**Cause Number CV21-00275**

**Court Number 235th Judicial District**

**GENE S. HACKER**   VS   **HOME DEPOT U.S.A. INC.**

**ADDRESS FOR SERVICE:**

**HOME DEPOT U.S.A. INC.**
**By Serving its registered agent to-wit:**
**CORPORATION SERVICE COMPANY dba CSC-LAWYERS INCORPORATING SERVICE COMPANY**
**221 E. 7TH STREET, SUITE 620**
**AUSTIN, TEXAS 78701-3218**

### OFFICER'S RETURN

Came to hand on the _____ day of _____, 20____, at _____ o'clock _____.m., and executed in

_____ County, Texas by delivering to each of the within named defendant(s) in person, a true copy of this

Citation with the date of delivery endorsed thereon, together with the accompanying copy of the **PLAINTIFF'S ORIGINAL PETITION**, at the

following times and place, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| | | |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

**FEES:**

Serving Petition and Copy $_____   _____, Officer

Total   $_____   **RETURN / AFFIDAVIT** _____, County, Texas

By: _____, Deputy **PROOF / ATTACHED** _____, Affiant

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is _____, and my address is
(First, Middle, Last)

_____.

(Street, City, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the _____ day of _____.

_____
Declarant Authorized Process Server

_____
(ID # and Expiration of Certification)

**Please Return Affidavit of Service to:**   **COOKE COUNTY DISTRICT CLERK**
**COOKE COUNTY COURTHOUSE**
**101 SOUTH DIXON, ROOM 207**
**GAINESVILLE, TEXAS 76240**

# EXHIBIT 5

48370420.1

Filed: 8/23/2021 9:46 AM
Marci A. Gilbert
District Clerk
Cooke County, Texas
Cody Shires

**CAUSE NO. CV21-00275**

| | | |
|---|---|---|
| **GENE HACKER,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **235th JUDICIAL DISTRICT** |
| | § | |
| **HOME DEPOT U.S.A., INC.,** | § | |
| | § | |
| **Defendant.** | § | **COOKE COUNTY, TEXAS** |

## DEFENDANT HOME DEPOT U.S.A., INC.'S
## ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

Defendant Home Depot U.S.A., Inc. ("Home Depot" or "Defendant") files its Original Answer to Plaintiff's Original Petition and would respectfully show the Court as follows:

## I.
## GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant denies all the allegations contained in the Petition and any amendment or supplement thereto, and demands strict proof thereof in accordance of the laws of the State of Texas.

## II.
## DEFENSES INCLUDING AFFIRMATIVE DEFENSES

1.      Some or all of Plaintiff's claims are barred because they fail to state a claim upon which relief can be granted.

2.      Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

3.      All employment decisions regarding or affecting Plaintiff were based upon legitimate, nondiscriminatory, and reasonable business reasons that were in no way related to Plaintiff's age, claimed disability, or alleged protected activity.

---

4.      With respect to some or all Plaintiff's claims, Plaintiff has failed to timely and properly exhaust all administrative remedies.

5.      Plaintiff's claims are barred, in whole or in part, to the extent that they exceed the scope of or are inconsistent with the charge of discrimination Plaintiff filed with the Equal Employment Opportunity Commission (EEOC) or Texas Workforce Commission (TWC).

6.      Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitation, to the extent they were not presented to the EEOC or TWC in a timely fashion, and to the extent that they did not occur within the time frames prescribed by applicable law.

7.      If any improper, illegal, or discriminatory act were taken by any Home Depot employee against Plaintiff, it was outside the course and scope of that employee's employment, contrary to Home Depot's policies, and was not ratified, confirmed, or approved by Home Depot.  Thus, any such actions cannot be attributed or imputed to Home Depot.

8.      Any improper, illegal, or discriminatory actions by any Home Depot employees were independent, intervening, and unforeseeable acts that were not ratified, confirmed, or approved by Home Depot and thus cannot be attributed or imputed to Home Depot.

9.      Home Depot did not have actual or constructive knowledge of any of the alleged discriminatory acts alleged in Plaintiff's Petition at any time material to his Petition.

10.     If Plaintiff is able to show any discrimination occurred (which Defendant denies), Home Depot reserves the right to assert a mixed motive defense.

11.     Home Depot has in place a clear and well-disseminated policy against discrimination on the basis of age and disability and a reasonable and available procedure for handling complaints thereof, which provides for prompt and effective responsive action.  To the extent Plaintiff unreasonably failed to take advantage of the preventive or corrective

opportunities provided by Home Depot, or to avoid harm otherwise, Plaintiff's claims of alleged discrimination are barred.

12.     Without conceding that Plaintiff has suffered any damages as a result of any alleged wrongdoing by the Defendant, Plaintiff has failed to mitigate or minimize the alleged damages.

13.     Home Depot engaged in good faith efforts to comply with the civil rights laws. Moreover, the conduct complained of by Plaintiff, if performed or carried out, was performed or carried out in good faith based upon reasonable grounds for believing that such conduct was not in violation of the Texas Labor Code and therefore, Plaintiff fails to state a claim for punitive damages.

14.     Defendant is not liable for punitive damages under federal or state law, because neither Defendant, nor any of its employees sufficiently high in its corporate hierarchy, committed any act with malice or reckless indifference to Plaintiff's federally or state protected rights, or approved, authorized or ratified, or had actual knowledge, of any such acts.

15.     Plaintiff's alleged damages, the entitlement to which Defendant expressly denies, are controlled and/or limited by the damages caps contained within the applicable statutes pleaded by Plaintiff.

16.     Plaintiff's damages are barred in whole or in part by the doctrine of after-acquired evidence.

17.     Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

18.     Defendant reserves the right to assert additional affirmative defenses and defenses as may appear applicable during the course of this litigation.

## PRAYER FOR RELIEF

**WHEREFORE,** Defendant respectfully requests that this Court dismiss Plaintiff's Original Petition with prejudice, and that Defendant be awarded its costs, attorneys' fees, and any other relief to which Defendant may be entitled.

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By:    /s/ Kristin Snyder Higgins
          KRISTIN SNYDER HIGGINS
          Texas State Bar No. 24046880
          kristin.higgins@ogletree.com
          JOHN M BARCUS
          Texas State Bar No. 24036185
          john.barcus@ogletree.com

8117 Preston Road, Suite 500
Dallas, Texas  75225
(214) 987-3800
(214) 987-3927 (Fax)

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that on this 23rd day of August 2021, a true and correct copy of the above and foregoing instrument was forwarded via the eFiling system to all parties of record.

 /s/ Kristin Snyder Higigns
KRISTIN S. HIGGINS

48262298.1

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kristin Higgins on behalf of Kristin Higgins
Bar No. 24046880
kristin.higgins@ogletree.com
Envelope ID: 56541111
Status as of 8/23/2021 11:24 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kristin SnyderHiggins | | kristin.higgins@ogletree.com | 8/23/2021 9:46:44 AM | SENT |
| John MBarcus | | john.barcus@ogletree.com | 8/23/2021 9:46:44 AM | SENT |